**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATMA SINGH, | No. 09-73655 |
| Petitioner, | Agency No. A076-728-420 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 28, 2012[**]

Before:     LEAVY, THOMAS, and CHRISTEN, Circuit Judges.

Atma Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion by denying Singh's second motion to reopen as numerically-barred and untimely where the motion was filed over six years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to present sufficient evidence of changed circumstances in India to qualify for the regulatory exception to the time and number limitation for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial). Because Singh's motion to reopen to seek relief under the Convention Against Torture ("CAT") is based on the same facts as his other claims, we reject Singh's contention the BIA erred by failing to separately address his CAT claim. Lastly, Singh's contentions that the BIA applied a higher standard to his motion are belied by the record.

**PETITION FOR REVIEW DENIED.**

09-73655